UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL BRYAN MADSEN,

    Plaintiff,

v.                                            Case No. 3:20-cv-254-J-34MCR

BAKER COUNTY, BAKER COUNTY
SHERIFF'S OFFICE, RICKY CREWS,
and M. BELLAMY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Court's Order dated October 29, 2020 (Doc. 5).

On March 12, 2020, Plaintiff filed an Affidavit of Indigency, ("Application") (Doc. 2), which the Court construed as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). On October 8, 2020, the Court entered an Order denying the Application without prejudice and directing Plaintiff to file an amended, notarized Application and an amended complaint or pay the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

appropriate filing fee, no later than October 23, 2020.  (Doc. 4.)  Plaintiff was cautioned that failure to comply with the Order would likely result in a recommendation to the District Judge that the Application be denied and/or that the case be dismissed for want of prosecution.  (*Id.* at 8-9.)

Due to Plaintiff's failure to comply with the Court's instructions, on October 29, 2020, the Court entered an Order directing Plaintiff to either comply with the Court's October 8, 2020 Order or show cause in writing, on or before November 16, 2020, why the case should not be dismissed for lack of prosecution.  (Doc. 5.)  Plaintiff was again warned that "[f]ailure to comply with this Order [would] likely result in a recommendation that the case be dismissed without further notice."  (*Id.* at 2.)

To date, Plaintiff has not filed any of the documents referenced in the Court's October 8, 2020 and October 30, 2020 Orders, has not filed a response to the Order to Show Cause, has not sought an extension of time to comply with the Court's Orders, and has not paid the filing fee.[2]  Based on the foregoing, the undersigned recommends that the Application be denied, and the case dismissed for lack of prosecution.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to terminate

---

[2] The undersigned also notes that the Court's October 8, 2020 and October 30, 2020 Orders were returned to the Clerk and marked as "Unable to Forward" and "Return to Sender & Unable to Forward."  The Deputy Clerk also noted that Plaintiff had not filed a change of address with the Court.

any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 25, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Party